NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANNA DELLE DONNA, | Hon. Garrett E. Brown, Jr. |
| Petitioner, | Civil Action No. 10-1607 (GEB) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**BROWN**, Chief Judge:

  This matter comes before the Court upon the petition of *pro se* Petitioner Anna Delle Donna to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, this Court will deny the petition.

*Background*

  Petitioner and her husband David Delle Donna, the former mayor of Guttenberg, New Jersey, were charged on December 13, 2007, in a five-count Superceding Indictment with: conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349; substantive mail fraud, in violation of 18 U.S.C. §§ 1341, 1346, and 18 U.S.C. § 2; conspiracy to commit extortion under color of official right, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); and two counts of filing materially false federal income tax returns, in violation of 26 U.S.C. § 7206(1).

  The Delle Donnas' jury trial began on March 18, 2008, before the late Honorable Harold A. Ackerman, Senior United States District Judge. At trial, Petitioner exercised her right not to testify. Her defense counsel, Brian J. Neary, represented to the Court that she exercised her

privilege knowingly and voluntarily.  On April 29, 2008, after a 22-day trial and nearly 5 days of deliberations, the jury found the Delle Donnas guilty of conspiracy to commit extortion under the Hobbs Act and both counts of filing materially false federal income tax returns in violation of 26 U.S.C. § 7206(1).  The jury acquitted Petitioner and her husband of the conspiracy to commit mail fraud and substantive mail fraud charges.

Petitioner and David Delle Donna filed a joint motion of acquittal, which Judge Ackerman denied in an Opinion and Order issued on August 12, 2008.  After a two-day sentencing hearing, Judge Ackerman sentenced Petitioner and her husband on October 24, 2008, and entered judgment of conviction and sentence on October 27, 2008.  Judge Ackerman sentenced Petitioner to 51 months imprisonment, at the bottom of the applicable advisory Guidelines range found by the Court.  Petitioner and David Delle Donna filed timely notices of appeal with the United States Court of Appeals for the Third Circuit.  The Third Circuit affirmed Judge Ackerman's judgment and sentence on February 24, 2010.

On or about March 29, 2010, Petitioner filed this § 2255 motion to vacate, set aside, or correct sentence.  She contends in her petition that her defense counsel provided ineffective assistance by: 1) failing to raise the issue of Petitioner's diminished capacity; 2) refusing to allow Petitioner to testify; 3) misadvising her as to a plea bargain; and 4) engaging in other, unspecified "myriad of reasons of ineffectiveness not limited to this petition." (Pet. at 4.)  This Court ordered the Government to respond to the petition and granted the Government's request for an extension on its time to file its answer.  The Government timely filed its answer on July 15, 2010.  This Court granted Petitioner's motion for leave to file a reply to the Government's answer (Doc. No. 11), and Petitioner filed her reply on August 17, 2010.  Because Petitioner's reply expanded upon

her claims of ineffective assistance of counsel, the Court permitted the Government to respond to Petitioner's reply, which it did on October 25, 2010.

*Analysis*

I.   **Standard of Review**

   A.   Section 2255

28 U.S.C. § 2255 permits a court to vacate, correct, or set aside a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Section 2255 also may not be used "to re-litigate questions which were raised and considered on direct appeal.'" *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting *Barton v. United States*, 791 F.2d 265, 267 (2d Cir. 1986)). However, the Court of Appeals has expressed a strong preference that an ineffective assistance of counsel claim be brought before the district court in the first instance in a motion under 28 U.S.C. § 2255. *See DeRewal*, 10 F.3d at 103 (citing *United States v. Rieger*, 942 F.2d 230, 235 (3d Cir. 1991)). Since it is appropriate to raise a claim of ineffective assistance of counsel under § 2255, rather than on direct appeal, "the failure to raise such a claim on direct appeal should not be treated as a procedural fault." *Id.* This Court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous based on the existing record. *Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

The Court is mindful of Petitioner's *pro se* status. Because Petitioner is a *pro se* litigant, the Court must apply a more liberal standard of review to her claims than it would to a petition filed with the aid of counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

B.  Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court defined a two-prong test to establish ineffective assistance of counsel. The first prong of the test requires that a petitioner show that her counsel's performance was deficient. *Strickland*, 466 U.S. at 687. Specifically, in order to succeed on the deficiency prong, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* This requires that the Court examine the entire proceedings and determine "whether, in light of all the circumstances, the [conduct of Petitioner's trial counsel was] outside the wide range of professionally competent assistance." *Id.* at 690. Accordingly, this Court's inquiry is highly deferential. *Strickland*, 466 U.S. at 689. The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Once the deficiency prong is established, Petitioner must then show that as a result of the deficient performance, he was ultimately prejudiced. *Strickland*, 466 U.S. at 687. This prong of the test requires that Petitioner show that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in that outcome. *Id.* at 699. Thus, Petitioner must show "that counsel's errors were so serious as to deprive [Petitioner] of a fair [hearing] . . . whose result is reliable." *Lockhart*, 506 U.S. at 369 (internal quotes and citation omitted). The focus is on whether the result of the proceeding is fundamentally unfair or unreliable. *Id.*

## II.     Diminished Capacity

Petitioner claims that defense counsel, Mr. Neary, "failed to raise Diminished Capacity when the Therapist (Andrea Kroop) stated so." (Pet. at 4.) Petitioner generally avers that she has a history of mental illness, anxiety, and depression, and that she was medicated during the trial. In the initial petition, it appeared that Petitioner objected only to counsel's failure to sufficiently argue diminished capacity at her sentencing hearing, but in her supplemental brief, Petitioner also argues that counsel was constitutionally deficient by failing to request a pre-trial psychiatric evaluation. (Petr.'s Supp. Br. at 1–11.) Specifically, Petitioner claims "[h]er trial counsel knew that she had a history of mental illness. However, he failed to investigate and present these issues at trial. Which could have gotten her a lower offense charge or even a possibility with probation seeking mental health services." (*Id.* at 2; *see also id.* at 7.) Petitioner appears to reason that she may have received a lesser charge or sentence because "[t]he jury would have known about her mental illness and vulnerability." (*See* Petr.'s Supp. Br. at 7.)

With regard to her conclusory assertion that counsel should have investigated and raised issues of her mental health prior to and during trial, Petitioner does not suggest that the failure to explore these issues caused the adverse jury verdict, and she does not suggest that the jury would

have acquitted her if it had been alerted to her mental health history. Rather, Plaintiff speculates that had the jury known of her mental illness and vulnerability, the court would have included a lower offense charge, and the jury may have convicted her of the lesser offense, which would have resulted in a lower sentence. Such speculation is unavailing, because it misapprehends the function of the prosecution, the court, and the jury. Petitioner does not identify what these "lower offense charge[s]" are, and she presents no evidence that the Government would have sought lower charges against her, or that a grand jury would have indicted her of these lower charges.[1] Furthermore, to the extent that Petitioner argues that this deficiency deprived her of a fair hearing, Petitioner does not contend that evidence of her mental illness would have negated the intent necessary to commit the crimes charged.[2] At most, Petitioner suggests that such evidence would have led the jury to sympathize with her, but such a goal is impermissible in light of the jury's oath not to be persuaded by bias, sympathy, or public opinion. Plaintiff has not shown a reasonable probability that, had counsel investigated these matters and presented them during trial, the outcome would have been different.

With regard to her objections to counsel's failure to raise the issue of diminished capacity at sentencing, the sentencing record reveals that Petitioner's claim is clearly frivolous. Kroop provided a statement to the Probation Department regarding Petitioner's mental health, and that

---

[1]Meanwhile, Petitioner's suggestion that evidence of her mental illness may have led to lesser charges and a shorter sentence conflicts with her concurrent claim that, had she testified, a jury may have acquitted her. (*See* Petr.'s Supp. Br. at 14.)

[2]The Court notes that Petitioner cites legal standards regarding a defendant's competency to stand trial in passing (*see* Petr.'s Supp. Br. at 6), but Petitioner does not contend that her mental illness or medications prevented her from understanding the nature and consequences of the proceedings or from assisting in her defense, and the trial and sentencing record does not support such a conclusion.

statement was included in the Presentence Report ("PSR"). In defense counsel's 21-page sentencing memorandum submitted to Judge Ackerman prior to sentencing, counsel specifically discussed and quoted this statement and cited to the paragraph of the PSR containing Kroop's comments. (Gov't Answer, Ex. B ("Sentencing Mem.") at 18.) At several points in his memorandum, counsel discussed Petitioner's mental health and her asserted "particular vulnerability" and lack of coping skills. (*Id.* at 2, 18.) Moreover, in arguing at the sentencing hearing for a reduced sentence for Petitioner, counsel discussed Petitioner's mental health issues at some length. (Gov't Answer, Ex. C ("Sentencing Tr.") at 3594–95, 3599–3601.) Counsel repeatedly referenced Petitioner's fragile mental health, again quoted from the statement provided by therapist Kroop, and contended that Petitioner's vulnerable mental health and need for continued mental health treatment while incarcerated constituted significant mitigating factors warranting a reduced sentence. (*Id.*) While counsel may not have employed the phrase "diminished capacity," counsel clearly and unambiguously raised Petitioner's mental health in writing and orally several times before Judge Ackerman.

Finally, Judge Ackerman specifically acknowledged counsel's argument with regard to Petitioner's mental health. Judge Ackerman stated, "I'm also aware that Anna Delle Donna suffers from mental health problems, and the PSR notes based on a report from her therapist that she may not possess the skills necessary to face incarceration." (*Id.* at 3652.) Judge Ackerman observed that Petitioner "can and will receive necessary mental health treatment from the Bureau of Prisons." (*Id.*) He further found that while "Mrs. Delle Donna might have been more vulnerable to manipulation, . . . I certainly do not absolve her of responsibility." (*Id.* at 3654.) Judge Ackerman ultimately concluded that no variance from the advisory Guidelines range was

7

appropriate.  (*Id.* at 3657.)

Based on the record, defense counsel presented significant argument to the Court regarding Petitioner's mental health, and quoted and discussed the statement of the therapist identified by Petitioner.  Judge Ackerman acknowledged this argument and the therapist's statement, and specifically rejected them as a basis for a variance.  Therefore, Petitioner's claim that Mr. Neary failed to raise diminished capacity during sentencing is clearly frivolous.  However, even if defense counsel had not argued Petitioner's mental health in such extended fashion, any such error would not rise to the level of constitutional ineffectiveness required for relief, because such choice would not fall outside the wide range of professionally competent assistance, and Petitioner has not overcome the presumption that counsel's decision may be considered sound trial strategy.  *See Strickland*, 466 U.S. at 690, 689; *see also Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (holding that most criminal litigation decisions "fall within the professional responsibility of counsel").  The mere fact that Judge Ackerman was not persuaded by the diminished capacity argument during sentencing does not mean that Petitioner's counsel was constitutionally deficient.

Because Petitioner has not satisfied the *Strickland* standard for ineffective assistance of counsel with regard to her claim that counsel failed to investigate and sufficiently argue diminished capacity, either during trial or during sentencing, this Court rejects this ground of the petition.

### III.   Waiver of Right to Testify

Petitioner next asserts that defense counsel refused to allow her to testify.  In her supplemental brief, Petitioner explained that she "wanted to testify and was told by her attorney

that she would testify, because after all it is her right," but "as she waited for her turn to testify and [sic] noticing that the trial was ending. [sic] [s]he turns to her lawyer and asked 'when am I going to testify?' and he replies, 'oh, you're not.'" (Petr.'s Supp. Br. at 13–14.) Petitioner further objects that Judge Ackerman's colloquy with her counsel was insufficient, because Judge Ackerman did not specifically ask her if she was knowingly and voluntarily waiving her right to testify. Petitioner argues that if she had testified at the trial, "the jury would have known her charactor [sic] and seen her vulnerability, and would known [sic] more of the case specifically from her point of view. With all this accumulated together, the jury would not have found the defendant guilty." (*Id.* at 14.)

The decision whether to testify is a "fundamental" litigation decision not left solely to counsel's professional judgment, and is for the client to make. *See, e.g.*, *Sistrunk*, 96 F.3d at 670. "Defense counsel has a duty to inform defendant of this right, but a defendant may nevertheless waive it so long as the decision is 'knowing and intelligent.'" *Luperella v. United States*, No. 06-1360, 2007 WL 2904201, at *3 (D.N.J. Oct. 3, 2007) (quoting *United States v. Pennycooke*, 65 F.3d 9, 11 (3d Cir. 1995). Where a defendant is represented by counsel, "the court is entitled to—indeed should—presume that the attorney and the client have discussed th[e] right" to testify. *Pennycooke*, 65 F.3d 9 at 12.

Petitioner points to no evidence that defense counsel nullified any desire she had to testify. The trial record plainly demonstrates that Petitioner, through counsel, knowingly and voluntarily waived her right to testify. The following colloquy occurred at trial, in the presence of Petitioner:

> Mr. Neary: Do you want to do a voir dire of Ms. Delle Donna with regard to her having exercised her

9

|  |  |
|---|---|
|  | right not to testify? |
| Judge Ackerman: | I don't need it. I assume having counsel with you, sir, highly experienced attorney, to say the least, that you are informing the Court that your client has exercised her privilege and that is her decision. Is that correct? |
| Mr. Neary: | In a knowing and voluntary way, yes. |
| Judge Ackerman: | I will, of course, respect it, and I know counsel for the government will do likewise. They can do no less. |

(Gov't Answer, Ex. E at 3083.) During the trial, Petitioner made no on-the-record request to testify at trial, and she does not now allege that defense counsel failed to inform her of her right to testify and that the right was solely hers to invoke or waive. *See United States v. Lore*, 26 F. Supp. 2d 729, 738 (D.N.J. 1998). Rather, the Court understands Petitioner to allege that Mr. Neary more or less overruled her decision to testify when she requested to do so towards the end of trial. (*See* Petr.'s Supp. Br. at 14.)

While this Court generally must accept her factual allegations as true, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987). An allegation that counsel denied a § 2255 petitioner the right to testify "must be supported by more than a 'barebones assertion.'" *Luperella*, 2007 WL 2904201, at *3 (quoting *Underwood v. Clark*, 939 F.2d 473, 475–76 (7th Cir. 1991) (Posner, J.)); *see also D'Amario v. United States*, 403 F. Supp. 2d 361, 371 (D.N.J. 2005). "Some greater particularity is necessary—and . . . some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify—to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim." *Underwood*, 939 F.2d at 476; *see also Luperella*, 2007 WL 2904201, at *3 (noting

that the court would consider an affidavit from the lawyer or inferences from the trial record); *D'Amario*, 403 F. Supp. 2d at 371. Importantly, a petitioner must show not only that her lawyer refused to allow her to testify, but also that she was prejudiced by that error. *Luperella*, 2007 WL 2904201, at *3; *D'Amario*, 403 F. Supp. 2d at 371.

In support of her claim, Petitioner submits the affidavits of her son, daughter, and daughter-in-law, all of which assert that Petitioner was not "asked to testify on her behalf." (Petr.'s Supp. Br., Exs. C ¶ 5, D ¶ 5, E ¶ 5.) Yet these vague statements, combined with Petitioner's conclusory assertions, do not provide persuasive evidence that defense counsel actually *prevented* Petitioner from testifying, and the record contradicts any such claim. As noted above, Judge Ackerman inquired about Petitioner's waiver of the right to testify in her presence, and Petitioner made no statement at any point during the trial indicating that she wished to exercise her right to testify. Furthermore, Petitioner concedes that her counsel initially informed her that she could testify, because it was her right to do so. (Petr.'s Supp. Br. at 13–14.) At most, the record suggests that Mr. Neary recommended that Petitioner not testify. Such advice is presumed to be a reasonable strategic decision, and Petitioner has not presented competent evidence sufficient to overcome that presumption. *See, e.g.*, *Frederick v. Kyler*, 100 F. App'x 872, 874 (3d Cir. 2004) ("If [Petitioner's] attorney merely advised him not to testify, that tactical decision certainly would not have fallen below *Strickland*'s standard of objective reasonableness."); *D'Amario*, 403 F. Supp. 2d at 371.

However, even if this Court accepted Petitioner's unsupported allegations, she has not demonstrated prejudice. Petitioner's conclusory argument that the jury would have *known her character* and *seen her vulnerability*, is unavailing, because Petitioner does not make a proffer of

11

specific testimony that she would have given that would have led to a different result. *See, e.g.*, *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (concluding, where the petitioner did not explain what his testimony would have been, that his "self-serving conclusory statement that his testimony would have resulted in an acquittal, standing alone, falls far short of satisfying *Strickland*'s prejudice element"); *D'Amario*, 403 F. Supp. 2d at 371 (same, where petitioner merely asserted that his testimony would have "rebutted" the testimony of a Government witness, but did not otherwise explain what that testimony would have been); *United States v. Aikens*, 358 F. Supp. 2d 433, 437 (E.D. Pa. 2005) (same, where petitioner relied on "conclusory assertion that he would have 'set the record straight,'" but "d[id] not explain to the Court what his testimony would have been"). Furthermore, Petitioner appears to concede in her supplemental brief that she does not know whether or not her testimony would have affected the jury verdict. (Petr.'s Supp. Br. at 14 ("As no one can predict or assume what criteria in any jurist [sic] mind while deliberating. [sic] Wherefore, we can not underestimate or underexamine what Mrs. Delle Donna's testimony would have resulted in or what the jury's verdict would have been.").)[3] Ultimately, Petitioner has not shown that, but for counsel's alleged error, there was a reasonable probability that the outcome would have been different, so as to establish prejudice under *Strickland*.

Because Petitioner has not established either prong of the *Strickland* test, this Court rejects Petitioner's ineffective assistance claim based on defense counsel's alleged denial of Petitioner's right to testify.

---

[3]The Court notes that Petitioner's argument that her testimony may have led to a different outcome somewhat contradicts her suggestion that she was incompetent to assist in her defense, as well as her claim that she would have accepted a plea agreement.

**IV.     Plea Bargain**

Petitioner finally claims that defense counsel "misadvised her on a plea bargain." In her supplemental brief, Petitioner's position on this claim is not entirely clear. Petitioner argues, *inter alia*, (1) "Howbeit [sic], Mrs. Delle Donna/ Counsel never offered or informed her of a plea bargain" (Petr.'s Supp. Br. at 11); (2) "Defendant was told by her husband that his lawyer told him he was offered a plea deal. However, her husband's lawyer also stated that if they chose to accept the plea deal, he could look for another lawyer because they could win their case" (*id.*); (3) "It was Mrs. Delle Donna's counsel who chose to go to trial, without advising her of any plea. If he had, she would have taken the plea instead of risking years in prison" (*id.* at 12); and (4) "[I]f it weren't for her husbands [sic] lawyer threatening to leave or basically guaranteeing them a win and by them feeling that there were no other options, after she found out about the pleas she and her husband would not have went to trial" (*id.*).

The Court initially notes that Plaintiff has not presented any evidence that the Government offered a plea deal for her, and that her counsel failed to notify her of it. Indeed, her allegations seem to address the advice given by her husband's attorney with regard to a plea deal offered to him.

However, assuming *arguendo* that a plea deal existed and that her counsel neglected to inform her of such deal, Petitioner has not shown prejudice under *Strickland*, because Petitioner maintained her innocence throughout the trial. Indeed, during her sentencing hearing before Judge Ackerman, Petitioner stated "I swear to you, as God as my witness, I never spoke to [co-defendant] about doing anything for [cooperating witness] or anyone that would have been illegal," later saying "I am so ashamed for the first time in my life, not because I did anything

13

wrong, but because I trusted [cooperating witness] without really knowing what kind of person she was." (Crim. No. 07-784, Doc. No. 135 (Sentencing Tr. Vol. I) at 109–10.) Two courts in this Circuit recently rejected claims of ineffective assistance of counsel based on counsel's alleged failure to notify the defendant of plea options where the defendant maintained his or her innocence throughout the trial. *United States v. Gonzalez-Rivera*, 217 F. App'x 166, 169–70 (3d Cir. 2007); *United States v. Jackson*, Civ. No. 09-5255, 2010 WL 1688543, at *3–4 (E.D. Pa. Apr. 27, 2010). These courts found that the "'alleged prejudice that [the petitioner] may have suffered . . . is far too speculative,' because the petitioner's contention that he would have accepted a guilty plea was 'belied' by the fact that the petitioner 'maintained his innocence throughout [the trial] proceedings and therefore was not willing . . . 'to plead guilty to the charges against him.'" *Jackson*, 2010 WL 1688543, at *4 (quoting *Gonzalez-Rivera*, 217 F. App'x at 169). This Court agrees with their reasoning. Petitioner's newfound claim that she would have accepted a plea deal is belied by the fact that she maintained her innocence through the completion of her trial and sentencing.[4] Furthermore, even if Petitioner had been willing to accept a plea deal, Petitioner has not identified a specific benefit that she would have received from a plea deal, so as to demonstrate a reasonable probability that, but for counsel's alleged deficiency, the outcome of her sentence would have been different.

      Because Plaintiff has not shown that her counsel erred, or that she has suffered prejudice, the Court rejects her ineffective assistance claim based on defense counsel's alleged failure to advise her of a plea deal.

---

[4] Petitioner's claim that she would have accepted a plea deal is also contradicted by her concurrent claim that her testimony would have persuaded a jury to acquit her. (*See* Petr.'s Supp. Br. at 14.)

V.  **Unspecified Claims of Ineffectiveness**

Petitioner also claims that there are "myriad of reasons of ineffectiveness not limited to this petition." She provides no additional explanation of the other potential grounds for ineffective assistance. This Court has carefully reviewed the trial record and finds no basis on which to find that defense counsel provided ineffective assistance, such that Petitioner was deprived of a fair hearing.

VI.  **Request for Evidentiary Hearing and Counsel**

Petitioner has requested that this Court hold an evidentiary hearing on her petition, and that counsel be appointed for her. A district court "is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'" *United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005) (quoting *Forte*, 865 F.2d at 62). This Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record," *Forte*, 865 F.2d at 62, and "abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief," *Booth*, 432 F.3d at 546 (citing *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005)). "Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). There is no absolute constitutional right to appointed counsel in a § 2255 proceeding. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). The Court has the discretion to appoint counsel where "the interests of justice so require" pursuant to 18 U.S.C. § 3006A(a)(2)(B). "Under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must

15

appoint counsel for an indigent petitioner when an evidentiary hearing is warranted." *Munez v. United States*, No. 09-3860, 2010 WL 2925917, at *6 n.8 (D.N.J. Jul. 21, 2010).

After reviewing the parties' submissions, which included supplemental replies by Petitioner and the Government, this Court concludes that the parties' submissions and the record show conclusively that Petitioner is not entitled to relief for the reasons stated above. Petitioner has had ample opportunity to set forth and substantiate her claims of ineffective assistance of counsel, and she has not done so. The interests of justice do not warrant the appointment of counsel. This Court will deny Petitioner's requests for a hearing and for appointment of counsel.

### *Conclusion*

For the foregoing reasons, Anna Delle Donna's petition (Doc. No. 1) to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be denied. This Court will decline to hold an evidentiary hearing or appoint counsel. An appropriate form of order accompanies this Memorandum Opinion.

Dated: January 31, 2011

                                                    S/Garrett E. Brown, Jr.
                                                    Garrett E. Brown, Jr., Chief Judge
                                                    United States District Court